Maximilian Moss, S.
The petitioner, a charitable corporation, is the residuary legatee under testator’s will. In 1953, as such legatee, it applied for an order directing payment to it of funds deposited with the treasurer of the City of New York to the *878 credit of Rifka Turjansky and 5 fictitiously named children and 15 fictitiously named grandchildren of Rifka Turjansky, pursuant to the accounting decree made herein on February 5, 1942. The application was denied without prejudice on the ground, inter alia, that the petitioner had failed to show sufficient facts to entitle it to the relief sought.
The court is of the opinion that this renewed application contains additional facts which are sufficient to warrant the granting of the relief sought by the petitioner to the extent indicated herein. Paragraph “ Sixteenth ” of testator’s will dated June 14, 1939 bequeathed $750 to Rifka Turjansky, “ if she survives me,” $500 to each of Rifka Turjansky’s children “ now living ” and $250 to each of her grandchildren “ now living.” To entitle any of such legatees to the payment of his or her legacy proof was required of his or her identity, that Rifka Turjansky survived testator and that her children or grandchildren, if any, were living at the date of testator’s will. No such proof was submitted on the accounting since Rifka Turjansky and the class of legatees described, if any, were Polish nationals concerning whom no information was available.
The deposit of the aforesaid funds with the treasurer of the City of New York resulted from the said accounting decree based on a stipulation dated December 22, 1941 which was entered into by the attorney for the executor, the attorney for the petitioner, the attorneys for the Consul General of Poland (who had appeared herein on behalf of various possible legatees who were believed to be residing in Poland) and the Consul General of the Union of Soviet Socialist Republics. Part of the stipulation provides as follows:
‘‘ 3. The decree to be entered herein shall further provide for the distribution of the balance of the estate, subject to the payment of executor’s commissions, expenses of this accounting, expenses which have accrued since September 30th, 1941, to the residuary legatee and the residuary legatee will simultaneously execute an agreement by which it will agree that out of the moneys which it shall receive from the above entitled estate, it will at any and all times in the future make payment to any person or persons * * * entitled to share as a legatee under the decedent’s will whose identity at the present time may not be known and whose whereabouts may not be presently ascertainable, if any such there be, of the amount or amounts payable to any such person or persons under said will.
“4. It is further stipulated and agreed that none of the parties hereto shall be barred by this stipulation or the decree to be entered herein from moving to modify or amend the decree *879 if it should subsequently be established that any of the legatees to whom, or for whose benefit payment is to be made is not entitled to such payment and that the decree shall further provide that notice shall be given to the Executor and to the residuary legatee, Deborah Jewish Tuberculosis Society, of any application for the withdrawal of funds to be deposited with the City Treasurer pursuant to the terms of the decree to be entered herein.” (Emphasis supplied.)
At the time the stipulation was made communications from Poland had been shut off by World War II. It was then impossible to determine whether Rifka Turjansky survived testator, who died on June 22, 1940, and whether any children or grandchildren had been born to her or whether any of such descendants of Rifka Turjansky were living on June 14, 1939, the date of testator’s will. The stipulation referred to was employed by the parties as a practical expedient in a wartime situation to enable the court to make the decree judicially settling the final account of the executor and directing that a partial distribution of the assets of the estate be made. By making the decree on the basis of the said stipulation the court adopted the practical solution contained therein which had been formulated by the parties with respect to the problems arising out of paragraph “ Sixteenth ” of testator’s will.
The petitioner is a charitable corporation which is operating a tuberculosis sanitarium. It proposes to use the funds for the treatment and rehabilitation of tubercular patients pursuant to the scope of its corporate powers. The fund of approximately $6,510 has been deposited with the treasurer of the City of New York for 14 years. No claim to or petition for the withdrawal of any part of the fund has been filed in this court since it was deposited early in 1942 except by the petitioner. Nor has any other person initiated any proceeding to establish that he or she is entitled to any part of the fund.
The said decree provides that the funds (the subject matter of this proceeding) be deposited “ with the City Treasurer pursuant to the provisions of Section 269 of the Surrogate’s Court Act.” The provisions of that section are as follows: “ § 269 * * * Where it shall appear that a legatee, distributee or beneficiary of a trust would not have the benefit or use or control of the money or other property due him, or where other special circumstances make it appear desirable that such payment should be withheld, the decree may direct that such money or other property be paid into the surrogate’s court for the benefit of such legatee, distributee, beneficiary of a trust or such person or persons who may thereafter appear to be entitled thereto. *880 Such money or other property so paid into court shall be paid out only by the special order of the surrogate or pursuant to the judgment of a court of competent jurisdiction.”
The supplemental petition herein, among other things, sets forth at length the results of investigations and inquiries petitioner caused to be made and conducted, pursuant to the decision of this court made on July 13, 1953. Investigations were made by governmental and nongovernmental agencies operating in Europe which have been engaged in ascertaining the fate of persons who disappeared in Poland and elsewhere during World War II. The petitioner indicates that none of such agencies has acquired any information concerning the whereabouts or fate of Rifka Turjansky or her descendants, if any, and that up to date it has been impossible for any of such agencies to furnish any information concerning the whereabouts or fate of any child or grandchild of Rifka Turjansky who may have been born. Petitioner further shows that a prior investigation disclosed that the last communication from or news about Rifka Turjansky which was received by any of her surviving close relatives residing in the United States reached such relative a number of years prior to the outbreak of World War II on September 1, 1939 and that none of such relatives recalls receiving at any time any communication from any child or grandchild of Rifka Turjansky.
In the opinion of the court sufficient special circumstances, as contemplated by section 269 of the Surrogate’s Court Act, exist to warrant the court, in the exercise of its discretion, to direct payment to petitioner of said funds deposited with the treasurer of the City of New York upon the conditions herein imposed.
In so holding the court is making no finding at this time that Rifka Turjansky and her fictitiously named children and grandchildren or any of them were not in existence on the date of decedent’s will or on the date of death of decedent. Such findings are reserved for future determination in a separate proceeding properly commenced for such purpose.
The relief granted herein is conditioned upon the filing with the court of an indemnity bond of petitioner as principal, with a surety company as surety, in the sum of $7,500 to be approved by the court, which bond by its terms shall constitute security for the performance by petitioner of the following obligations to be imposed upon it by the decree to be made herein: To pay at any time in the future to Rifka Turjansky, if she survived testator, or to any child or grandchild of Rifka Turjansky or to any other person or persons whose existence and identity *881 may hereafter be proved to the satisfaction of this court, such sum or sums of money, if any, which may be determined by this court to constitute the legacy to which they or any of them is or was entitled to under the will of the said decedent; such payment by petitioner to include interest in an amount equivalent to the amount which would have been earned on deposit with the treasurer of the City of New York to the date of such payment.
In the event the petitioner fails to make payment to any claimant of any sum due to such claimant, notice of any application to this court in respect of any default shall be by order to show cause directed and served upon the petitioner, the Public Administrator, the surety on petitioner’s bond and to such others as may be designated by the court. The decree heretofore made is modified to the extent herein indicated. The parties in interest, on the settlement of the order to be made herein, may request or suggest other terms or conditions to be included in the order which in the opinion of the court would more fully protect their rights herein. Settle order on notice.